UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------X

LARRY ROBINSON, SETH DAVID WALTER, and
JAMES C. DAWSON,

              Plaintiffs,

  -against-                           04 Civ. 4120 (KMW)

DOUBLE R RECORDS a California             ORDER
Corporation, DENON DITIGAL LLC,
GARY SHIEBLER individually and d/b/a
THE WORLD'S GREATEST FISHING BAND,

              Defendants.

-------------------------------------------X

WOOD, U.S.D.J.:

## I.   Overview

     By motion dated October 17, 2006, defendant Denon Digital

LLC ("Denon") moves for sanctions against Plaintiffs' counsel

pursuant to Federal Rule of Civil Procedure 11 and 28 U.S.C. §

1927.  For the reasons stated below, Denon's motion is GRANTED.


## II.  Background

     On May 18, 2004, Larry Robinson ("Robinson"), Seth David

Walter ("Walter"), and James C. Dawson ("Dawson") (together

"Plaintiffs") filed suit against Denon, Double R Records ("Double

R"), and Gary Shiebler ("Shiebler"), individually and d/b/a The

World's Greatest Fishing Band (together "Defendants"), alleging

copyright infringement in violation of the Copyright Act, 17

U.S.C. §§ 101 et seq.

Defendants thereafter moved to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  The Court granted the motion with respect to Walter's and Dawson's 17 U.S.C. § 115 claims and all of Robinson's claims, but denied the motion with respect to Walter's and Dawson's 17 U.S.C. § 106 claims.  After discovery, Denon moved for summary judgment against Walter and Dawson, and for attorneys' fees pursuant to 17 U.S.C. § 505.  The Court denied Denon's motion.

Denon now moves for sanctions against Plaintiffs' counsel on the grounds that (1) in violation of Rule 11(b)(2), Plaintiffs' claims were not warranted by existing law; (2) in violation of Rule 11(b)(3), Plaintiffs' allegations lacked evidentiary support; (3) in violation of rule 11(b)(1), Plaintiffs brought their case for an improper purpose; and (4) under 28 U.S.C. § 1927, Plaintiffs unreasonably and vexatiously multiplied the proceedings.  Denon seeks attorney's fees and expenses.

## III. Discussion

A. Rule 11 Standard Generally

The decision whether to impose Rule 11 sanctions rests in the court's discretion.  Perez v. Comitatus, 373 F.3d 321, 325-26 (2d Cir. 2004).  "Doubts as to the viability of a signed pleading, are to be resolved in favor of the signer."  O'Malley

v. N.Y. City Transit Auth., 896 F.2d 704, 706 (2d Cir. 1990).

        1.    Rule 11(b)(2)

Federal Rule of Civil Procedure 11(b)(2) provides:

> By presenting to the court . . . a pleading . . . an
> attorney or unrepresented party is certifying that to
> the best of the person's knowledge, information, and
> belief, formed after an inquiry reasonable under the
> circumstances, . . . the claims, defenses, and other
> legal contentions therein are warranted by existing law
> or by a nonfrivolous argument for the extension,
> modification, or reversal of existing law or the
> establishment of new law.

Fed. R. Civ. P. 11(b)(2).  "[N]ot all unsuccessful legal

arguments are frivolous or warrant sanction."  Mareno v. Rowe,

910 F.2d 1043, 1047 (2d Cir. 1990).  "An argument constitutes a

frivolous legal position for purposes of Rule 11 sanctions if,

under an 'objective standard of reasonableness,' it is 'clear . .

. that there is no chance of success and no reasonable argument

to extend, modify or reverse the law as it stands.'" Caisse

Nationale De Credit Agricole-CNCA v. Sarasohn, 28 F.3d 259, 264

(2d Cir. 1994) (citations omitted); see also Official

Publications, Inc. v. Fredericks, 884 F.2d 664, 670 (2d Cir.

1989) ("Rule 11 is violated when it is patently clear that a

claim has absolutely no chance of success."); United States v.

Int'l Bhd. of Teamsters, 948 F.2d 1338, 1344 (2d Cir. 1991).

     Denon argues that Plaintiffs' counsel violated Rule 11(b)(2)

by bringing (1) claims for copyright infringement on behalf of

Robinson, and (2) claims relating to a compulsory license on

3

behalf of Walter and Dawson.  The Court agrees.

In the Court's February 16, 2005 order ("2005 Order"), the Court dismissed the aforementioned claims.  With regard to Robinson's claims, the Court stated, "[i]t is <u>settled law</u> that, because one cannot infringe his own copyright, a joint copyright owner cannot sue his co-owner for infringement. . . . Consequently, Plaintiff Robinson does not have a cause of action against his co-author Shiebler."  2005 Order at 4 (emphasis added).  With regard to Walter's and Dawson's claims for royalty payments under a compulsory license, the Court stated, "Plaintiffs allege that 'at no time have Defendants obtained a compulsory license pursuant to 17 U.S.C. § 115,' [which] '<u>forecloses the possibility</u> of a compulsory license.'  The provisions of Section 115 of the Copyright Act . . . are therefore inapplicable to this case."  <u>Id.</u> at 14 (emphasis added).  The Court thus finds that it was "patently clear" that these claims had "no chance of success" and that sanctions are warranted under Rule 11(b)(2).

   2. <u>Rule 11(b)(3)</u>

Federal Rule of Civil Procedure 11(b)(3) provides, in pertinent part, "[b]y presenting to the court . . . a pleading . . . an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, . . . the

allegations and other factual contentions have evidentiary
support."  Fed. R. Civ. P. 11(b)(3).  "[S]anctions may not be
imposed [under Rule 11(b)(3)] unless a particular allegation is
utterly lacking in support."  O'Brien v. Alexander, 101 F.3d
1479, 1489 (2d Cir. 1996).

Denon argues that Plaintiffs violated Rule 11(b)(3) because
of "the lack of evidentiary support regarding Plaintiffs'
allegations that Denon lacked implied consent to manufacture
compact discs with Plaintiffs' songs."  Denon's Mem. at 7.  The
Court, however, in addressing Denon's motion for summary
judgment, concluded that "there remain genuine issues of material
fact as to whether Plaintiffs granted Shiebler and Double R an
implied license to reproduce and distribute their songs."  June
4, 2007 Order at 4.  The Court thus finds that sanctions against
Plaintiffs are not warranted pursuant to Rule 11(b)(3).

   3.   Rule 11(b)(1)

Federal Rule of Civil Procedure 11(b)(1) provides:

> By presenting to the court . . . a pleading . . . an
> attorney or unrepresented party is certifying that to
> the best of the person's knowledge, information, and
> belief, formed after an inquiry reasonable under the
> circumstances, . . . it is not being presented for any
> improper purpose, such as to harass or to cause
> unnecessary delay or needless increase in the cost of
> litigation.

Fed. R. Civ. P. 11(b)(1).

Denon argues that it is entitled to attorneys' fees pursuant
to Rule 11(b)(1) because "[t]his case can only have been brought

and/or maintained against Denon based on counsel's impression that Denon was a deep pocket and based upon a strategy designed to harass, increase costs, and multiply proceedings."  Denon's Mem. at 9.  Denon's argument is belied by the fact that Walter's and Dawson's 17 U.S.C. § 106 claims survived a motion for summary judgment and remain pending before the Court.  The Court thus concludes that Plaintiffs did not violate Rule 11(b)(3).

      B.    <u>28 U.S.C. § 1927</u>

Pursuant to 28 U.S.C. § 1927, "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."  28 U.S.C. § 1927 (2007).  "Section 1927 authorizes the imposition of sanctions only 'when there is a finding of conduct constituting or akin to bad faith.'" <u>State St. Bank & Trust Co. v. Inversiones Errazuriz Limitada</u>, 374 F.3d 158, 180 (2d Cir. 2004) (quoting <u>Sakon v. Andreo</u>, 119 F.3d 109, 114 (2d Cir. 1997)).  The Second Circuit has held that "an award under [Section] 1927 is proper when the attorney's actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay."  <u>In re 60 E. 80th St. Equities, Inc.</u>, 218 F.3d 109, 115 (2d Cir. 2000).

Denon argues that it is entitled to attorneys' fees and

expenses under 28 U.S.C. § 1927 because "[i]t was apparent prior to filing the Complaint that there was no basis to include Denon as a defendant." Denon's Mem. at 10. As discussed above, the Court denied Denon's motion for summary judgment, and certain of Walter's and Dawson's claims against Denon remain pending before the Court. The Court, therefore, cannot conclude at this point in the procedural posture of the case that "there was no basis to include Denon as a defendant."

## IV.  Conclusion

In accordance with the above, the Court GRANTS Denon's motion for sanctions (D.E. 64) pursuant to Rule 11(b)(2). Denon shall submit to the Court with 10 business days of this Order a computation of the attorneys' fees and expenses incurred in defending against Plaintiffs' frivolous claims – i.e., the claims that the Court dismissed in the 2005 Order.


SO ORDERED.

Dated:    New York, New York
          July 16, 2007

                                   _____
                                      Kimba M. Wood
                                  United States District Judge